| iVICTORY, Justice,
dissenting.
I disagree with the majority’s conclusion that Disciplinary Counsel failed to prove by clear and convincing evidence that respondent solicited the widow for professional employment. Rather, I am in accord with the unanimous conclusion of the Hearing Committee and the Disciplinary Board that solicitation occurred.
Rule 7.3 of the Rules of Professional Conduct prohibit a lawyer from soliciting professional employment “when a significant motive for the lawyer’s doing so is the lawyer’s *734 pecuniary gain.” Solicit is defined in Black’s Law Dictionary as follows:
To appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; to make petition to; to plead for; to try to obtain; and though the word implies a serious request, it requires no particular degree of importunity, entreaty, imploration, or supplication.
BlaCK’s Law DICTIONARY 1392 (6th ed.1990).
The following transcript of the telephone conversation between respondent and the widow was introduced into evidence:
To start, the respondent said a few words but cannot be understood.
Plaintiff — But ta, where are you from? Respondent — I’m in New Orleans.
Plaintiff — OK, uh.
Respondent — If you’re not interested that’s fine I was told to call you, uh, I mean it sounds like you don’t want to talk to anybody.
12Plaintiff — Well, you know, I mean, its things are a little bit too fresh you know. Respondent — That’s fine, I’m sorry for calling ... (Plaintiff starts talking at the same time respondent is speaking and the respondent cannot be understood) Plaintiff — Oh no, please, you know, its just that, uh, you know it is kinda rough on me right now. I would like to know what Frank thinks, you know, but of course you’re not going to tell me.
Respondent — No, correct, they asked to be anonymous.
Plaintiff — Ok, obviously you must be what a maritime lawyer?
Respondent — That’s correct.
Plaintiff — OK, well I will keep you in mind.
Respondent — All right, if you would like I can give you my name and phone number and you can call me.
Plaintiff — OK
Respondent — It’s Frank D’Amico (his last name was spelt out to Plaintiff), I’m located downtown at 629 Baronne and my number is 525-9561. We have a plaintiff and personal injury firm; we do a lot of maritime work.
Plaintiff — Well, OK, but I mean, you know, heart attack, heart attack.
Respondent — I understand.
Plaintiff — So, I don’t know, may be they know something I don’t know, but you know.
Respondent — From what I understand he was negligently killed aboard a vessel. Uh, well, he was knocked overboard and then drown [sic].
Plaintiff — Oh! I, well, Mr. D’Amico, you know, like this is all news to me. I have not received a death, you know, certificate. I have not received any sort of a [sic] autopsy report, I mean, you know, and uh, you know they drown, well they found him floating you know so, I mean, that discredits drowning, to me, so I have a tendency to believe that, you know, that he did in fact had [sic] a heart attack, you know. Respondent — Had a heart attack, no, that’s not what I was told.
Plaintiff — Well, uh, you say he was knocked overboard.
^Respondent — That’s what I understand, simple negligence.
Plaintiff — Well, uhhh, let me think about it. Respondent — Well sure, I mean you need a copy of the coroner’s report to find out ... (Plaintiff starts talking at the same time the respondent is speaking and the respondent cannot be understood) Plaintiff — Well like I’m saying, uh, I mean, everybody has told me that you know that he he just grabbed his chest and gave a sigh and went overboard.
Respondent — Well, I would be spectacle [sic] of what you’re hearing from the defendant (at this point there is a little laughter from the Respondent), I would be very spectacle [sic].
Plaintiff — Have you had a track record with these people?
Respondent — Yes, we have.
Plaintiff — Well, they, what neg, you know, like kinda, you know. *735 Respondent — Well, lets [sic] put it this way, if you were facing some liability uh you may not tell a story you know like a, it would paint you in that position, you want to tell a story that would uh exculpate you from any liability.
Plaintiff — OK, but I mean how could he be knocked overboard, you know, I mean. My husband has been on boats since he was knee-high to a dog.
Respondent — I understand.
Plaintiff — And I mean uhh and he’s floating, you know, so I mean you know well if you drown you don’t float you know. They even told me he didn’t have a life (Plaintiff and Respondent were talking together at this point and what the Respondent is saying cannot be understood)
Respondent — If you’re knocked overboard and you drown you do float first.
Plaintiff — I mean they even told me he didn’t have a life vest on you know, so, I mean, uh you know its [sic] just that its [sic] uh.
Respondent — I understand, you’re still in shock right now after you have a chance to think about it give me a call.
Plaintiff — Ok, then.
Respondent — OK.
^Plaintiff — All right, thank you.
Respondent — All right. (Emphasis added.)
In my view, this conversation, particularly the emphasized portions, fits squarely within the definition of “solicit,” and clearly and convincingly proves that respondent is guilty of solicitation in violation of Rule 7.3 of the Rules of Professional Conduct. I would issue a three month suspension.